UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In Admiralty

GEICO MARINE INSURANCE COMPANY,       Case No.:

           Plaintiff,

vs.

JASON LONG, BRYCE RASNAKE, CIERRA
CUNNINGHAM, STEVEN SCHUMACHER,
KIA PHOENIX, AND COLLABORATIVE
BOATING, INC. D/B/A BOATSETTER,

           Defendants.
_____/

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, GEICO Marine Insurance Company (hereinafter referred to as "GEICO Marine" or "Plaintiff"), through undersigned counsel, sues Defendants, Jason Long, Bryce Rasnake, Cierra Cunningham, Steven Schumacher, Kia Phoenix and Collaborative Boating, Inc. d/b/a Boatsetter, for declaratory judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and alleges as follows:

1. GEICO Marine files this complaint to obtain a judicial determination and declaration of the rights and obligations of the parties under GEICO Marine Policy Number CBT1020158 issued to Defendant Long for the period from May 15, 2020 to May 15, 2021 (hereinafter referred to as the "Policy").

2. The policy attached to this complaint as Exhibit "A" is a true and accurate copy of the Policy issued to Defendant Long.

3. The Policy was issued to Defendant Long for his 2019 27-foot Monterey Boats Runabout bearing Hull Identification Number RGFDJ208I819 (hereinafter referred to as the "Vessel").

4. GEICO Marine seeks a declaratory judgment determining that the Policy is void *ab initio* because of material omissions or misrepresentations made by Defendant Long.

5. GEICO Marine seeks a declaratory judgment determining that the Policy does not provide coverage for the bodily injury claim asserted by Defendant Rasnake or the other passengers on Defendant Long's vessel on July 31, 2020 because of Policy exclusions and/or breach of warranty.

6. GEICO Marine seeks a declaratory judgment determining that the Policy does not provide coverage to Defendant Collaborative Boating,

Inc. d/b/a/ Boatsetter or Defendant Schumacher because of policy exclusions or breach of warranty.

7. Defendants claim that the Policy does provide coverage. GEICO Marine contends the Policy is void and does not provide coverage.

8. An actual and justiciable controversy exists concerning the parties' respective rights, duties, and obligations under the Policy.

9. This matter is now ripe for adjudication.

## The Parties

10. GEICO Marine is an insurance company authorized to transact insurance business in the State of Florida.

11. Defendant Long is the owner of the Vessel and the named insured on the Policy.

12. Defendant Rasnake is an injury claimant who has asserted a claim under the Policy.

13. Defendants, Cunningham, and Phoenix were passengers on the Vessel at the time of Defendant Rasnake's injury and may have bodily injury claims and seek to recover under the Policy.

14. Defendant Schumacher was the captain of the Vessel at the time of the incident and may claim that the Policy provides coverage to him.

15. Defendant Boatsetter is a foreign corporation with its principal place of business in Florida which arranged for the bareboat chartering of the Vessel on the date of the incident and which may claim coverage under the Policy.

## Jurisdiction and Venue

16. This case falls within the Court's admiralty and maritime jurisdiction under 28 U.S.C. § 1333.

17. Plaintiff designates this claim as an admiralty and maritime claim within the meaning of Rule 9 (h) of the Federal Rules of Civil Procedure.

18. Venue is proper in this district because the individual Defendants reside in this district and are subject to personal jurisdiction and service of process in this district.

19. Venue is also proper in this district because the events giving rise to this claim occurred in this district.

20. Marine insurance policies, like the Policy GEICO Marine issued to Defendant Long are maritime contracts subject to this Court's admiralty and maritime jurisdiction.

## Facts and Relevant Policy Provisions

21. Defendant Long applied for insurance with GEICO Marine on May 14, 2020.

22. As part of the application process, Defendant Long completed and signed an insurance application on May 15, 2020.

23. The application attached as Exhibit "B" is a true and accurate copy of application completed and signed by Defendant Long.

24. The application asks whether there will be any crew and, if so, how many. Defendant Long responded that there would be one crew member.

25. The application asks whether Defendant Long would pay the crew member. Defendant Long did not answer that question.

26. The application asks for the names of the primary captain(s) who will operate the Vessel along with the captain's date of birth, driver's license number, state of issue, years of experience as a captain and whether they have been convicted of a felony. Defendant Long left this information blank.

27. For the type of commercial use, Defendant Long stated that the Vessel would be used for charter fishing, pleasure, and sightseeing.

28. On July 31, 2020, Defendants Rasnake, Cunningham, Phoenix and other unknown individuals chartered the Vessel through Boatsetter.

29. Defendant Schumacher was hired to serve as the captain during the charter.

30. The charter of the boat by Defendants Rasnake, Cunningham, and Phoenix was a bareboat charter, because the incidents of ownership including full possession, control, and use of the Vessel were transferred to the charterers by Defendant Long.

31. On July 31, 2020 at approximately 4:25 p.m., Defendant Schumacher was driving the Vessel in the Gulf of Mexico when Defendant Cunningham fell overboard.

32. Defendant Schumacher turned the boat around to retrieve Cunningham from the water.

33. Despite Defendant Schumacher's warning, Defendant Rasnake dove in the water to assist Defendant Cunningham back to the Vessel.

34. While attempting to board the Vessel from the water, Defendant Rasnake's legs were cut by the Vessel's propeller.

35. The Policy provides boating liability protection and indemnity coverage with a limit of $1 million subject to the terms and conditions of the Policy.

36. The insuring agreement in the Policy states:

> **We** will provide the coverages shown the Declarations Page contained in this policy and any endorsements, for any covered loss that occurs during the policy period on the condition that **you** pay the premium and comply with all policy provisions.

37. Relevant policy definitions include the following:

> "**Bareboat Charter**" is defined as a legal bareboat charter as defined by the U.S. Coast Guard in the code of federal regulations and any applicable endorsement to these regulations.
>
> \*   \*   \*
>
> "**Charter Client**" is defined as a fare-paying party and any individuals in the party while the **Insured Boat** is being used for **Charter Use**.
>
> "**Charter Use**" is defined as the use of the **Insured Boat** for carrying six (6) or less fare-paying passengers for the purpose of charter fishing, sightseeing, or dinner cruises only. All other commercial uses excluded.
>
> \*   \*   \*
>
> "**Insured Boat**" and "**the boat**" refer to the boat that is named on the Declarations Page....
>
> \*   \*   \*

"**Occurrence**" is defined as a sudden and unexpected event or accident occurring within the policy period to which this insurance applies.

38. The coverage terms of the Policy provide:

    If an amount is shown for Coverage on the Declarations Page, **we** will pay damages and any costs assessed against **you** up to that amount for any claim or suit covered under this policy for **Bodily Injury** or **Property Damage** resulting from any **occurrence** for which any **insured** becomes legally liable through ownership, maintenance or operation of the **Insured Boat**.

39. The Policy contains the following exclusion:

    **We** do not provide this liability coverage for:

    \*   \*   \*

    F. **Bodily Injury** or **Property Damage** arising out of the following uses of the **Insured Boat**: **Bareboat Charters**, boat rental operations, commercial towing, or any other commercial fishing operation except for carrying fare-paying passengers for charter fishing.

40. The Policy contains the following warranties:

    It is further warranted that the **Insured Boat** is only used for private pleasure by the insured, or for the following permitted **Charter Use**: recreational fishing charters, sightseeing tours, or dinner cruises for six (6) or less fare-paying passengers.

    \*   \*   \*

> There is no coverage if the **Insured Boat** is used for any other commercial purpose, including but not limited to diving, scuba or snorkeling charters, parasailing charters, waterski charters, **Bareboat Charters**, boat rental operations, commercial towing, or any other commercial fishing operation.

41. The Policy includes a fraud and concealment provision which states:

> There is no coverage from the beginning of this policy if **you** or **your** representative or agent has omitted, concealed, misrepresented, sworn falsely, or attempted fraud in reference to any matter relating to this insurance before or after any loss.

42. The Policy contains a choice of law clause which states:

> This Policy is to be governed by and construed under the maritime law of the United States.

## Count I – *Uberrimae Fidei*

43. Plaintiff restates the allegations in Paragraph 1 through 42 and further alleges as follows:

44. The Policy is governed by the marine insurance doctrine of *Uberrimae Fidei* which required Defendant Long to act in the utmost good faith in disclosing material facts to GEICO Marine during the application process.

45. Under the doctrine of *Uberrimae Fidei*, Defendant Long had a duty to disclose all material facts concerning the risk to be insured, even if GEICO Marine did not specifically request the information.

46. Defendant Long breached the duty of utmost good faith under the doctrine of *Uberrimae Fidei* in one or more of the following ways:

   (a) Defendant Long failed to disclose that the Vessel would be made available for charters through the Boatsetter program.

   (b) Defendant Long failed to disclose that the Vessel would be bareboat chartered through the Boatsetter program.

   (c) Defendant Long failed to disclose the names, experience and qualifications of the captains who would be operating the boat during bareboat charters.

   (d) Defendant Long failed to disclose that the Vessel would carry more than six (6) fare paying passengers.

47. Defendant Long's failure to disclose this information is a breach of his duty under the doctrine of *Uberrimae Fidei* which renders the Policy void *ab initio*.

48. GEICO Marine issued a charter boat policy in reliance upon the information disclosed by Defendant Long.

49. If Defendant Long had disclosed the information identified in paragraph 46, GEICO Marine would not have issued the Policy.

WHEREFORE, GEICO Marine requests that declaratory judgment be entered in its favor declaring the Policy to be void *ab initio* and further declaring that it does not provide coverage to any of the Defendants and awarding further relief deemed proper under the circumstances.

## Count II – Fraud and Concealment

50. Plaintiff restates the allegations in paragraphs 1 through 42, and 46, 48 and 49, and further alleges as follows:

51. Defendant Long had a contractual duty to disclose the information in paragraph 46 but failed to do so.

52. Defendant Long's failure to disclose the information identified in paragraph 46 is a breach of the fraud and concealment provision in the Policy.

53. As a result of Defendant Long's breach of the fraud and concealment provision in the Policy, the Policy is rendered void *ab initio* and does not provide coverage to any of the Defendants.

WHEREFORE, GEICO Marine requests that declaratory judgment be entered in its favor and against Defendants declaring that the Policy is void

*ab initio*, does not provide coverage to any of the Defendants and awarding further relief deemed proper under the circumstances.

### Count III – Breach of Warranty

54. GEICO Marine restates the allegations in the paragraphs 1 through 42, and further alleges as follows:

55. The Policy contains warranties limiting the commercial use of the Vessel.

56. The Charter Use warranty limits use of the Vessel for recreational fishing charters, sightseeing tours, or dinner cruises for six (6) or less fare paying passengers.

57. The Commercial Purpose warranty prohibits use of the Vessel for bareboat charters and boat rental operations.

58. Defendant Long breached the warranties in the Policy in one or more of the following ways:

   (a) The Vessel was used for bareboat charters through the Boatsetter program.

   (b) The Vessel was used in boat rental operations through the Boatsetter program.

   (c) There Vessel carried more than six (6) fare paying passengers.

12

59. Warranties in marine insurance policies are strictly construed.

60. Violation of a warranty in a marine insurance policy precludes coverage.

61. Because Defendant Long breached the warranties in the Policy, there is no coverage.

WHEREFORE, GEICO Marine requests a declaratory judgment declaring that the Policy does not provide coverage to any of the Defendants, and awarding further relief deemed proper.

### Count IV – Exclusions

62. GEICO Marine restates the allegations in paragraphs 1 through 42, and further alleges as follows:

63. The Policy expressly excludes coverage for bodily injury arising out of bareboat charters or boat rental operations.

64. At the time of the incident, the Vessel was being used for bareboat charters and boat rental operations.

65. The injuries arose of the excluded use of the Vessel for bareboat charters and boat rental operations.

66. Because the use of the Vessel falls squarely within the terms of the exclusion, there is no coverage.

WHEREFORE, GEICO Marine requests that this Court issue a declaratory judgment in its favor and against the Defendants declaring that the Policy does not provide coverage and awarding further relief deemed proper.

### Count V – Med Pay Coverage

67. GEICO Marine restates the allegations in paragraphs 1 through 42, and further alleges as follows:

68. The Policy provides med pay coverage for "the necessary medical and funeral expenses resulting from a **Bodily Injury** to **you**, **Charter Clients**, or others from an **Occurrence** while in, upon, boarding, or leaving the **Insured Boat**."

69. The limit for med pay coverage is $1,000.00 per person per occurrence.

70. The following is excluded from med pay coverage:

> Any claim or loss arising out of the following uses of the **Insured Boat**: **Bareboat Charters**, boat rental operations, commercial towing, or any other commercial fishing operation except for carrying fare paying passengers for charter fishing….

71. Because the Vessel was being used for bareboat charters and boat rental operations at the time of the incident, there is no med pay coverage.

72.  There is also no med pay coverage because of Defendant Long's material omissions or misrepresentations of fact and violations of warranty.

WHEREFORE, GEICO Marine requests that this Court issue a declaratory judgment in its favor and against the Defendants declaring that the Policy does not provide coverage and awarding further relief deemed proper.

Respectfully submitted,

> WhiteBird, PLLC
> Attorneys for Plaintiff, GEICO Marine
>
> /s/ Ted L. Shinkle
> Ted L. Shinkle, Esq.
> Florida Bar No.: 608051
> 730 E. Strawbridge Ave., Ste. 209
> Melbourne, FL 32901
> Phone: (321) 327-5580
> Facsimile: (321) 327-5565
> Email: tshinkle@whitebirdlaw.com
> Secondary: jaliano@whitebird